**PATHFINDER HEALTHCARE, INC., Plaintiff,**

v.

**Tommy G. THOMPSON, in his official capacity as Secretary of the United States Department of Health and Human Services, Defendant.**

**No. 5–01–CV–00384–JMM.**

United States District Court, E.D. Arkansas, Pine Bluff Division.

Nov. 21, 2001.

Lance R. Miller, John Keeling Baker, Elizabeth Ann Andreoli, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., Little Rock, AR, for Pathfinder Healthcare, Inc., plaintiffs.

A. Douglas Chavis, III, U.S. Attorney's Office, Eastern District of Arkansas, Little Rock, AR, Gayla Fuller, Joel Lerner, Department of Health and Human Services, Office of General Counsel, Dallas, TX, for Department of Health and Human Services, Secretary, Tommy G. Thompson.

## *PRELIMINARY INJUNCTION*

MOODY, District Judge.

On Monday, November 19, 2001, this Court conducted a hearing on the issue of whether to continue the Temporary Restraining Order ("TRO") in this matter. The Court also heard further argument on the issue of the Court's subject matter jurisdiction, although the Court had preliminarily determined that jurisdiction was proper. At the conclusion of the hearing, the Court noted that it wanted to take additional time to revisit the issue of subject matter jurisdiction, having received a significant brief on the issue from Defendant on the morning of the hearing. The Court noted, however, that Plaintiff Pathfinder Healthcare, Inc. ("Pathfinder") had demonstrated entitlement to a preliminary injunction, assuming the Court exercised subject matter jurisdiction. The Court now reaffirms its exercise of subject matter jurisdiction. The TRO previously granted on November 13, 2001 is hereby converted into a preliminary injunction. Defendant Tommy G. Thompson, in his official capacity as Secretary of the United States Department of Health and Human Services, is hereby enjoined from terminating Pathfinder's Medicaid and Medicare provider agreements to allow Pathfinder to complete the administrative appeal process.

■ The Court answers in the affirmative the threshold issue of whether this Court may exercise subject matter jurisdiction. Defendant relies principally on the recent Supreme Court case of *Shalala v. Illinois Council on Long Term Care, Inc.,* 529 U.S. 1, 120 S.Ct. 1084, 146 L.Ed.2d 1 (2000)("*Illinois Council*") for the proposition that subject matter jurisdiction under the general federal question statute, 28 U.S.C. § 1331, is foreclosed by 42 U.S.C. § 405(h). In the vast majority of cases, that would be true. In this case, however, the Court is convinced that denying Pathfinder this limited relief would amount to the " 'practical equivalent of a total denial of judicial review.' " *Illinois Council,* 120 S.Ct. at 1097 *quoting McNary v. Haitian Refugee Center, Inc.,* 498 U.S. 479, 497, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991).[1] Like the District Court in *Frontier Health, Inc. v. Shalala,*

1. In *McNary,* the Supreme Court held that a district court had general federal question jurisdiction to entertain a class action brought by aliens who claimed that the INS was administering the Special Agricultural Workers (SAW) amnesty program in a way that violat-

113 F.Supp.2d 1192 (E.D.Tenn.2000), the Court holds that *Illinois Council* does not foreclose completely the narrowly crafted injunctive relief granted in this case.

■ The Court made detailed findings applying the familiar *Dataphase* factors used to evaluate claims for preliminary injunctive relief at the conclusion of Monday's hearing. *See Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 111 (8th Cir.1981). Those findings will not be repeated in their entirety here. Particularly compelling in this case, however, is the certain irreparable harm to Pathfinder's residents if they are forced to move unnecessarily. Pathfinder's population of 91 nursing home residents are particularly fragile. A significant portion of the residents are developmentally disabled or mentally challenged. Some have been institutionalized their entire lives. These residents are likely to face great, perhaps insurmountable, difficulty in obtaining new placements. Pathfinder has also demonstrated an extremely compelling showing on the probability of success on the merits. None of the violations for which Defendant purports to terminate Pathfinder involve immediate jeopardy to Pathfinder's residents. The termination of a provider for non-immediate jeopardy violations is, by Defendant's own admission, rare. While the Court has evaluated the proof solely for the purpose of determining whether to grant injunctive relief as opposed to the merits of the termination, it would be surprising if the sort of technical violations for which Pathfinder was cited would in fact merit termination.

ed due process and the Immigration Reform and Control Act of 1986. The Court held that 8 U.S.C. §§ 1160(e)—a provision of the Act that provided the exclusive avenue for judicial review of "an application for adjustment of status" pursuant to the SAW program—did not preclude the district court from exercising its general federal question jurisdiction.